UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-87 |
| | ) | |
| RICHARD ERLING KELLY | ) | |

## REPORT AND RECOMMENDATION

Because the defendant allegedly failed to register as a convicted sex offender in several states, he has been indicted for a violation of the Sex Offender Registration and Notification Act, "SORNA," 18 U.S.C. § 2250, 42 U.S.C. §§ 16911 and 16913.

Defendant has filed a motion to dismiss the indictment. (Doc. 28). He states that he was convicted of sexual assault, which he characterizes as a non-dangerous and non-repetitive offense, on April 18, 1990 in Arizona.[1] SORNA was enacted after his conviction and, for that reason, he maintains that the application of SORNA to him violates the *ex post facto* clause of the Constitution;[2] his due process rights under the Fifth and Fourteenth Amendments; his right to equal protection guaranteed by the Fourteenth Amendment; and his right to privacy.

*EX POST FACTO*

---

[1] A characterization with which the United States Attorneys Office disagrees, with good reason. Although the Arizona judgment of conviction indeed does describe the offense as non-dangerous and non-repetitive, it also recites that defendant employed a rock during the commission of the crime.

[2] Article I, § 9, cl. 3.

Defendant has cited to the court no cases in support of his argument that SORNA's enactment subsequent to his conviction constitutes an *ex post facto* law.

For its part, the United States recites in its response that every court which has considered a similar *ex post facto* argument has rejected it. A case from the First Circuit Court of Appeals is a succinct summation of the rulings made by the Circuit Courts of Appeals and the myriad of district courts[3] which have addressed this argument:

> The defendant insists that using a pre-SORNA conviction to ground the current indictment violates *ex post facto* principles. We do no agree.
>
> The defendant's position overlooks the reality that new acts – his interstate travel and subsequent failure to register – comprise elements of the offense of conviction. There is, therefore, no colorable *ex post facto* claim. *See, United States v. Shenandoah*, 595 F.3d 151, 158-59 (3rd Cir. 2010); *United States v. May*, 535 F.3d 919, 919-20 (8th Cir. 2008).

*United States v. Thompson*, 2011 WL 2163601 (1st Cir. 2011).

All that is stated in the foregoing quotation applies to defendant herein: the indictment charges defendant in traveling in interstate commerce between June 8, 2011 and August 30, 2011, without registering as a convicted sex offender in the states of Arizona, Louisiana, and Tennessee. Each of those actions occurred well after the enactment of SORNA and, under the reasoning of *Thompson, supra*, there are no *ex post facto* considerations.

*DUE PROCESS*

Again, defendant has been unable to present to this court any cases from the Sixth

---

[3]Including this court. *See, e.g., United States v. Utesch*, Case No. 2:07-CR-105; *United States v. Stock*, Case No. 2:09-CR-46.

Circuit, other circuits, or district courts which support his claim that application of SORNA to him violates his due process rights under the Fifth and Fourteenth Amendments.

The United States, however, has listed a significant number of cases which have considered the issue and which have held contrarily to defendant's position.

The argument that the application of SORNA to defendant violates his due process rights is premised on the fact that Tennessee has not yet implemented SORNA.[4] The Sixth Circuit Court of Appeals considered the issue and ruled that there is no due process violations regardless of the extent of, or even lack of, Tennessee's implementation of SORNA. *See, United States v. Felts*, 2012 WL 762977 (6th Cir. 2012).

## *EQUAL PROTECTION; RIGHT TO PRIVACY*

The Equal Protection Clause of the Fourteenth Amendment guarantees that no person or class of persons may be denied the same protection that is enjoyed by other persons or other classes of persons in like circumstances. Stated another way, the Equal Protection Clause ensures that a law may not place a burden on a person, or a class of persons, that is not placed on another person, or class of persons, in like circumstances. Defendant has not explained how the application of SORNA to him violates the Equal Protection Clause, and this court is unable to come up with an argument, good or bad, on defendant's behalf. The same is true with regard to his claim that SORNA violates his right to privacy.

## *CONCLUSION*

---

[4] Or so the court assumes; defendant filed no brief.

There is no legal basis upon which defendant may legitimately attack SORNA generally, or SORNA's application to him in particular. It is respectfully recommended that defendant's motion (Doc. 28) be denied.[5]

Respectfully submitted,

        s/ Dennis H. Inman
United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).