UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:11-CR-87 |
| | ) | |
| RICHARD ERLING KELLY | ) | |

**O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated April 5, 2012. [Doc. 34]. The Magistrate Judge recommended that the defendant's motion to dismiss the indictment be denied. [Doc. 28]. The defendant, Richard Erling Kelly ("Kelly'), has filed objections to this report. [Docs. 40 and 41].

Because the defendant has expanded his arguments in his objections and because an Agreed Factual Basis has now been filed, the Court will make findings in addition to those set out in the Report and Recommendation of the United States Magistrate Judge.

**BACKGROUND**

On April 16, 2012, the government filed an Agreed Factual Basis which was signed by the defendant and by defense counsel. [Doc. 38]. The Court adopts the agreed facts which follow as a factual and procedural background for this case:

On April 18, 1990 Richard Erling Kelly, pled guilty to one count of sexual assault in Flagstaff, Coconino County, Arizona. The sentencing judge ordered Kelly to serve fourteen years in Arizona prison. He was released from Arizona prison on August 17, 2003.

On December 22, 2010, Kelly reported to the New Orleans, Louisiana Police Department

1

and registered as a sex offender. He was required to register quarterly with law enforcement in Louisiana pursuant to the Louisiana Sex Offender Registry Law. Kelly appeared before the New Orleans Police Department on March 21, 2011; April 14, 2011; May 18, 2011; and June 8, 2011. At each time, Kelly provided his current living situation. On June 8, 2011, Kelly told the New Orleans Police Department that he intended to move to 3533 Hickory Hill Road in Memphis, Tennessee for employment purposes.

In July, 2011, the New Orleans Police Department followed up with the Memphis Police Department to determine whether Kelly had registered with the Memphis Police Department. The Memphis officers determined that Kelly had not registered with Tennessee authorities and determined that the Hickory Hill address was the address for a Town Suites Extended Stay Hotel in east Memphis. The innkeeper at Town Suites confirmed that no one named Richard Erling Kelly or meeting his description had registered as a guest at the location on Hickory Hill Road and its sister hotel located a mile away. When the Louisiana State Police received this information, it prepared a complaint and issued a warrant for Kelly's arrest for violating the Louisiana Sex Offender Registry Law. That warrant remains outstanding.

The Louisiana State Police requested assistance from the Marshals Service. Kelly had included information about his girlfriend Pedrina Martinez and her car in his New Orleans registrations. The Sheriff's Office in Cocke County, Tennessee observed a car with the same description and tag from Arkansas parked at a Housing Authority apartment complex at 339 Alex Street in Newport, Tennessee. Officers from the Marshals Service and the Cocke County Sheriff's Office conducted a knock and talk on August 30, 2011. Kelly was located in the apartment. He did not resist arrest and provided a short statement to the officers after being provided his constitutional

2

rights.

Kelly admits that he and Martinez left New Orleans about June 15, 2011 and attended the Afteroo Music Festival in Coffee County. They remained there until about June 28, 2011, when they drove to Cosby, Cocke County, Tennessee. From June 28, 2011 to his arrest on August 30, 2011, Kelly lived in Martinez¡| van and stayed primarily in Newport and Cosby Tennessee. Pedrina Martinez obtained public housing in early August 2011 and Kelly stayed with her during the day on occasion during this period.

Kelly's predicate offense of sexual assault required him to register annually with law enforcement authorities in Arizona for ten years from the date of his release from prison on August 17, 2003. A.R.S. § 13-3821(A)(5) and (M). Arizona law required Kelly to provide notice of his intent to move out of state at least 72 hours before he moved. A.R.S. § 13-3822. Violation of the Arizona Sex Offender Registry Law is a Class 4 felony. Arizona did not file an arrest warrant against Kelly since Arizona had transferred his supervision to Louisiana once Kelly properly registered in Louisiana in December of 2010.

Under the Louisiana Sex Offender Registry Law, Kelly was required to register annually with law enforcement. La. R.S. § 15:542, § 15:542.1.1, and § 15:542.1.3. He was required to report any change in his residency within three days after it occurred. La. R.S. § 15:542.1.2. Violation of the Louisiana Sex Offender Registry Law imposes a potential term of imprisonment of two years.

Tennessee law required Kelly to register in person with Tennessee authorities within 48 hours after he entered the State of Tennessee and to thereafter register for life. T.C.A. § 40-39-203 and § 40-39-207. Kelly had actual knowledge that he was to register in Tennessee and did not register in person after arriving in Tennessee. At the time of Kelly's arrest, Marshall Derrick

3

Swenson found a folder in Kelly's possession that had the direct phone number for Captain Derrick Woods at the Cocke County Sheriff's Department. Derrick Woods is the officer in charge of the sex offender registry at the Cocke County Sheriff's Department.

## ANALYSIS

### EQUAL PROTECTION- RIGHT TO TRAVEL

First, Kelly contends that SORNA violates the Equal Protection Clause because it only applies to some sex offenders, that is, those who travel in interstate commerce. This same argument has been addressed and disposed of in *United States v. Coleman*, 2009 WL 4255545, *7 (E.D.Ky.,2009):

> Next, Coleman contends that SORNA violates the Equal Protection Clause because it only applies to some sex offenders-those that travel in interstate commerce. R. 13 at 7-8. Coleman is correct that SORNA does not apply to individuals that do not travel interstate. *See supra.* However, he is incorrect that this discrepancy is a violation of the Equal Protection Clause because sex offenders are not members of a suspect class under equal protection jurisprudence. *See Does v. Munoz,* 507 F.3d 961, 966 (6th Cir.2007). Thus, the Court reviews Coleman's Equal Protection challenge under a rational basis inquiry as opposed to strict scrutiny. *Id.; see also United States v. Lafferty,* 608 F.Supp.2d 1131, 1143-45 (D.S.D.2009). As the government correctly notes in its response, SORNA is rationally related to the legitimate government interest of protecting the public from sex offenders by creating a national registry of sex offenders. R. 16 at 9-10. SORNA also aims to prevent "sex offenders from circumventing the registration requirements by moving from state to state." *Id.* (quoting *United States v. Benevento,* 633 F.Supp.2d 1170, 1211 (D.Nev.2009)). Considering these arguments, the government has shown a rational basis for SORNA. Thus, Coleman's Equal Protection argument fails.

This Court also FINDS that Kelly's Equal Protection argument must fail because SORNA is rationally related to the legitimate government interest of protecting the public from sex offenders

4

by creating a national registry of sex offenders. Because SORNA's registration requirements are narrowly tailored to serve this compelling interest, SORNA's requirements do not unreasonably burden the right to travel. *United States v. Shenandoah*, 572 F.Supp.2d 566, 576 (M.D.Pa., 2008), quoting *United States v. Pitts,* No. 07-157-A, 2007 WL 3353423, *9 (M.D.La., 2007)

**DUE PROCESS**

Kelly contends that his due process rights were violated because neither Arizona, Louisiana, or Tennessee ever notified him of his obligation to register under SORNA. He acknowledges that this argument is contrary to current Sixth Circuit precedent but he seeks to preserve this issue for appeal to the Supreme Court.

In *United States v. Felts*, – F.3d –, 2012 WL 762977, *4 (6th Cir. 2012), the Sixth Circuit explains how due process is satisfied in a SORNA non-compliant state such as Tennessee:

> A case may arise where a non-compliant state-law contains all of the requirements that SORNA requires, and more. If an offender has fair notice of, and fulfills all of the requirements under the state law, then by definition, the offender will fulfill all of the requirements under federal law. Such a regime would not present any overlap issues. *See Shenandoah,* 595 F.3d at 157 ("SORNA defines a 'sex offender registry' as 'a registry of sex offenders, and a notification program maintained by a jurisdiction.' 42 U.S.C. § 16911(9). A registry that is operated by a state—like those operated by New York and Pennsylvania—and maintained after the effective date of SORNA satisfies this definition.") In such cases, state registries are effectively congruent with the requirements of SORNA, and there would be sufficient fair notice to satisfy due process.

The Sixth Circuit concluded that because Felts failed to register in Tennessee, his own conduct renders the defense of due process unavailable. Likewise, because Kelly failed to register in Tennessee even though he knew he was required to do so, he has no due process defense.

**EX POST FACTO**

The defendant contends that SORNA as it applies to him violates the *ex post facto* doctrine because SORNA targets dangerous and predatory sex offenders and he has no offenses against children and "has specifically been adjudicated not to be a violent predator."[1] The defendant again concedes that his position is contrary to current Sixth Circuit precedent. In particular, in *Felts*, the Sixth Circuit explains that SORNA does not violate the Ex Post Facto Clause because SORNA provides for a conviction for failure to register, and it does not increase the punishment for the defendant's past conviction which caused his classification as a sexual offender. Id. at *5. Thus, Kelly's ex post facto challenge also fails.

## CONCLUSION

After careful and *de novo* consideration of the Report and Recommendation of the United States Magistrate Judge, the defendant's objections, the defendant's motion to dismiss, the response of the government, for the reasons set out in that Report and Recommendation which are incorporated by reference herein, and based upon additional findings made by this Court, it is hereby **ORDERED** that this Report and Recommendation is **ADOPTED** and **APPROVED**, and that the defendant's motion to dismiss is **DENIED.** [Doc. 28].

    ENTER:

                                                         s/J. RONNIE GREER
                                           UNITED STATES DISTRICT JUDGE

---

[1] The defendant was unable to provide records from an alleged 2009 finding in Maricopa County, Arizona, that the defendant was not a " sexually violent predator.'